IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST, DARRYL OLVERSON, and BARBARA OLVERSON | } } } } | |
| Plaintiffs, | } } | |
| v. | } } } | CASE NO. 4:10-cv-316 (Judge Schneider / Judge Mazzant) |
| BAC HOME LOANS SERVICING, LP and THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION | } } } } } } | |
| Defendants | } | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs Val-Com Acquisitions Trust ("Val-Com"), Darryl Olverson ("D Olverson"), and Barbara Olverson ("B Olverson") file this First Amended Complaint, and respectfully show the Court as follows:

1. Plaintiff Val-Com is a trust organized and existing under the laws of the State of Texas with its principal place of business in Texas. Plaintiff D Olverson is an individual who is a citizen of Texas. Plaintiff B Olverson is an individual who is a citizen of Texas.

2. Defendant BAC Home Loans Servicing, LP ("BAC") is a limited partnership with its principal place of business outside the State of Texas. Defendant The Bank of New York Mellon Trust Company, National Association ("BNY") is a financial institution with its principal place of business outside the State of Texas. The amount in controversy, without interest and

costs, exceeds the sum or value specified by 28 U.S.C. Sec. 1332. Defendants have entered their appearances in this action.

3. This action arises under federal statutes and regulations, specifically: the Truth in Lending Act, 15 U.S.C. Sec. 1601 et seq. ("TILA"); Regulation Z, 12 CFR Part 226 ("Regulation Z"); and the Real Estate Settlement Procedures Act, 12 U.S.C. Sec. 2601 et seq. and 24 CFR Part 3500 ("RESPA").

4. Val-Com is the owner of record of the real property and improvements described as follows (the "Property"):

> LOT 10, BLOCK 13, of HUNTER'S RIDGE, PHASE TWO, AN ADDITION TO THE CITY OF PLANO, COLLIN COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME D, PAGE 194, MAP RECORDS, COLLIN COUNTY, TEXAS, and being more commonly known as 1908 Walters Dr., Plano, Texas 75023.

5. Val-Com acquired the Property by a General Warranty Deed on or about January 27, 2010 from D Olverson and B Olverson. Val-Com acquired the Property subject to the following:

> a) a first-lien Interest Only Adjustable Rate Note dated August 17, 2005, in the original principal amount of 148,000.00, from D Olverson, as Maker, payable to Countrywide Home Loans, Inc. (the "Note"); and
>
> b) a first-lien Deed of Trust dated August 17, 2005 from D Olverson, as Grantor, for the benefit of Mortgage Electronic Registration Systems, Inc. (the "Deed of Trust").

Val-Com is the authorized agent of D Olverson and B Olverson pursuant to a

Special Durable Power of Attorney for Real Estate Transactions executed by D Olverson and B Olverson, as Principals, on or about January 27, 2010.

6. Defendant BNY claims to be the holder of the Note, and the person entitled to enforce the Note.

7. Defendant BNY claims to be the holder of the Deed of Trust, and the person entitled to enforce the Deed of Trust.

8. Defendant BOC claims to be the current mortgage servicer of the Note, under Loan Number 112572209.

9. At all times when Defendant BNY has claimed to be the holder of the Note and Deed of Trust, and the person entitled to enforce the Note and Deed of Trust, Defendant BNY has been regularly and substantially engaged in the business of extending or providing for the extension of credit to consumers. By virtue of conducting this business, Defendant BNY is a creditor within the meaning of TILA and Regulation Z.

10. At all times when Defendant BAC has claimed to be the current mortgage servicer of the Note, Defendant BAC has been regularly and substantially engaged in the business of extending or providing for the extension of credit to consumers. By virtue of conducting this business, Defendant BAC is a creditor within the meaning of TILA and Regulation Z.

11. Plaintiffs D Olverson and B Olverson submitted an application for a loan to Countrywide Home Loans, Inc. ("Countrywide"). The loan proceeds were intended to be used by Plaintiffs D Olverson and B Olverson for personal, family, and household uses, and specifically for the purchase of a personal residence. The loan was therefore a consumer credit transaction

under TILA and Regulation Z.  In addition, the loan applied for was federally related within the meaning of RESPA, in that Countrywide and Defendants are institutions whose deposits are federally insured and / or Countrywide and Defendants are federally regulated.

12. Plaintiffs D Olverson and B Olverson executed the Note and Deed of Trust pursuant to the loan application described above. Plaintiffs D Olverson and B Olverson thereby entered into a consumer credit transaction within the meaning of TILA and Regulation Z.

13. Plaintiffs would show based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Countrywide violated the provisions of TILA and Regulation Z by failing to provide Plaintiffs D Olverson and B Olverson with required disclosure statements and other disclosures, and by failing to comply with procedures required by TILA and Regulation Z.

14. Plaintiffs would show based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Countrywide violated the provisions of RESPA by failing to provide Plaintiffs D Olverson and B Olverson with required disclosures statements and other disclosures, and by failing to comply with procedures required by RESPA.

15. Plaintiffs would show that if or when Defendant BNY became the holder of the Note and Deed of Trust, and the person entitled to enforce the Note and Deed of Trust, and if or when Defendant BAC became the current mortgage servicer of the Note, the violations of TILA, Regulation Z, and RESPA were apparent on the face of the loan documents. Therefore, Defendants are liable for the violations described above.

16. When Plaintiffs D Olverson and B Olverson executed the Note and Deed of Trust pursuant to the loan application described above, Countrywide made oral and written representations to Plaintiffs D Olverson and B Olverson including, but not limited to, the following statements of material fact:

   a) That Plaintiffs D Olverson and B Olverson had received all information required to be disclosed to them by TILA and Regulation Z;

   b) That Plaintiffs D Olverson and B Olverson had received all information required to be disclosed to them by RESPA;

   c) That the loan procedures and loan documents, including the Note and Deed of Trust that Plaintiffs D Olverson and B Olverson were required to sign, complied with all of the requirements of TILA and Regulation Z; and

   d) That the closing procedures and closing documents that Plaintiffs D Olverson and B Olverson were required to sign complied with all of the requirements of RESPA.

17. Plaintiffs would show that these representations made by Countrywide were false. When Countrywide made these representations, Countrywide either knew they were false or made them recklessly without any knowledge of the truth, and made them as positive assertions.

18. Countrywide made the representations described above with the intent of inducing Plaintiffs D Olverson and B Olverson to execute the Note and Deed of Trust.

19. Relying on Countrywide's representations described above, Plaintiffs D Olverson and B Olverson executed the Note and Deed of Trust.

20.     Plaintiffs D Olverson and B Olverson have a continuing right to receive and consider all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA, and it is possible that Plaintiffs D Olverson and B Olverson would not have executed the Note and Deed of Trust if they had received all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA.

21.     Plaintiffs D Olverson and B Olverson have a continuing right to receive and consider all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA, and it is possible that Plaintiffs D Olverson and B Olverson would have exercised their right of rescission if they had received all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA.

22.     Plaintiffs would show that if or when Defendant BNY became the holder of the Note and Deed of Trust, and the person entitled to enforce the Note and Deed of Trust, and if or when Defendant BAC became the current mortgage servicer of the Note, the false representations made by Countrywide were apparent on the face of the loan documents and closing documents. Therefore, Defendants are liable for the untrue statements of material fact described above.

**PLAINTIFFS' CLAIM FOR VIOLATIONS OF THE TRUTH IN LENDING ACT**

23.     Countrywide's and Defendants' continuing failures to provide Plaintiffs D Olverson and B Olverson with required disclosure statements and other disclosures, and failures to comply with procedures required by TILA and Subparts A, C, D, and E of Regulation Z, constitute violations of TILA and Regulation Z. As a direct and proximate result of Countrywide's and Defendants' violations of TILA and Regulation Z, Plaintiffs are entitled to

statutory damages under TILA and Regulation Z, and have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

24. Plaintiffs would show that Plaintiffs D Olverson and B Olverson did not discover, and could not be expected to discover, Countrywide's and Defendants' violations of TILA and Regulation Z until they conveyed the Property to Plaintiff Val-Com by a General Warranty Deed on or about January 27, 2010. Therefore, Plaintiffs D Olverson and B Olverson seek equitable relief from the applicable statute of limitations of TILA through the principle of equitable tolling of the statute of limitations, or the discovery rule by which the statute of limitations period does not begin to run until after the violations were discovered.

## PLAINTIFFS' CLAIM FOR VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

25. Countrywide's and Defendants' continuing failures to provide Plaintiffs D Olverson and B Olverson with required disclosure statements and other disclosures, and failures to comply with procedures required by RESPA, constitute violations of RESPA. As a direct and proximate result of COUNTRYWIDE's and Defendants' violations of RESPA, Plaintiffs have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

26. Plaintiffs would show that Plaintiffs D Olverson and B Olverson did not discover, and could not be expected to discover, Countrywide's and Defendants' violations of RESPA until they conveyed the Property to Plaintiff Val-Com by a General Warranty Deed on or about January 27, 2010. Therefore, Plaintiffs D Olverson and B Olverson seek equitable relief from the applicable statute of limitations of RESPA through the principle of equitable tolling of the statute of limitations, or the discovery rule by which the statute of limitations period does not begin to

run until after the violations were discovered.

### PLAINTIFFS' CLAIM FOR FRAUD IN A REAL ESTATE TRANSACTION

27. In connection with Plaintiffs D Olverson's and B Olverson's execution and delivery of the Note and Deed of Trust, which were executed and delivered for the sole purpose of acquiring the Property, Countrywide made false representations of past or existing material facts. Countrywide's false representations were made to Plaintiffs D Olverson and B Olverson for the purpose of inducing them to execute the Note and Deed of Trust so that they would acquire the Property. Countrywide's false representations were relied on by Plaintiffs D Olverson and B Olverson in executing the Note and Deed of Trust and acquiring the Property.

28. Countrywide's false representations constitute violations of Section 27.01 of the Texas Business and Commerce Code, "Fraud in Real Estate and Stock Transactions".

29. Plaintiffs would show that if or when Defendant BNY became the holder of the Note and Deed of Trust, and the person entitled to enforce the Note and Deed of Trust, and if or when Defendant BAC became the current mortgage servicer of the Note, the false representations of past or existing material facts were apparent on the face of the loan documents and closing documents relating to the Note and Deed of Trust. Therefore, Defendants are liable for the untrue statements of material fact described above.

30. As a direct and proximate result of Countrywide's and Defendants' violations of Section 27.01, Plaintiffs have suffered actual economic damages in an amount within the jurisdictional limits of this Court.

31. Plaintiffs would further show that Countrywide's and Defendants' false

representations were made, continued, and not corrected with actual awareness by Defendants of their falsity. Therefore, Defendants are liable to Plaintiffs for exemplary damages.

32. Plaintiffs would show that Plaintiffs D Olverson and B Olverson did not discover, and could not be expected to discover, Countrywide's and Defendants' false representations until they conveyed the Property to Plaintiff Val-Com by a General Warranty Deed on or about January 27, 2010. Therefore, Plaintiffs D Olverson and B Olverson seek equitable relief from the applicable statute of limitations through the principle of equitable tolling of the statute of limitations, or the discovery rule by which the statute of limitations period does not begin to run until after the false representations were discovered.

## PLAINTIFFS' CLAIM FOR NEGLIGENT MISREPRESENTATION

33. Countrywide's and Defendants' actions constitute negligent misrepresentation because when Plaintiffs D Olverson and B Olverson executed the Note and Deed of Trust, Countrywide made oral and written representations to Plaintiffs D Olverson and B Olverson including, but not limited to, the following representations:

    a) that Plaintiffs D Olverson and B Olverson had received all information required to be disclosed to them by TILA and Regulation Z;

    b) that Plaintiffs D Olverson and B Olverson had received all information required to be disclosed to them by RESPA;

    c) that the loan procedures and loan documents, including the Note and Deed of Trust that Plaintiffs D Olverson and B Olverson were required to sign, complied with all of the requirements of TILA and Regulation Z; and

  d)  that the closing procedures and closing documents that Plaintiffs D Olverson and B Olverson were required to sign complied with all of the requirements of RESPA.

34. Plaintiffs would show that these representations made by Countrywide were false. When Countrywide made these representations, Countrywide did not exercise reasonable care or competence in obtaining or communicating this information to Plaintiffs D Olverson and B Olverson about compliance with TILA, Regulation Z, and RESPA.

35. Plaintiffs would show that if or when Defendant BNY became the holder of the Note and Deed of Trust, and the person entitled to enforce the Note and Deed of Trust, and if or when Defendant BAC became the current mortgage servicer of the Note, Defendant did not exercise reasonable care or competence in correcting or mitigating these false representations.

36. Plaintiffs D Olverson and B Olverson have suffered actual economic damages by justifiably relying on the information provided by Countrywide and Defendants about compliance with TILA, Regulation Z, and RESPA. Plaintiffs D Olverson and B Olverson did not know and could not have known of the damages caused by Countrywide's and Defendants' negligent misrepresentations until they conveyed the Property to Plaintiff Val-Com by a General Warranty Deed on or about January 27, 2010. Therefore, Plaintiffs D Olverson and B Olverson seek equitable relief from the applicable statute of limitations through the principle of equitable tolling of the statute of limitations, or the discovery rule by which the statute of limitations period does not begin to run until after the negligent misrepresentations were discovered.

## PLAINTIFFS' REQUEST FOR A DECLARATORY JUDGMENT

37. Plaintiffs request this Court enter judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201 – Sec. 2202 and Fed. R. Civ. P. 57.

38. Specifically, Plaintiffs request:

a) a determination and declaration that when Plaintiffs D Olverson and B Olverson executed the Note and Deed of Trust, they had a right to receive and consider all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA;

b) a determination and declaration that Plaintiffs D Olverson and B Olverson did not receive all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA;

c) a determination and declaration that Plaintiffs D Olverson and B Olverson are currently entitled to receive and consider all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA;

d) a determination and declaration of whether Defendant BNY is the owner and/or holder of the Note and Deed of Trust;

e) a determination and declaration of whether Defendant BNY is the person entitled to enforce the Note and Deed of Trust;

f) a determination and declaration of whether Defendant BAC is the mortgage servicer of the Note and Deed of Trust;

g) a determination and declaration of whether Defendants are entitled to

administer a foreclosure of the Property on behalf of the mortgagee;

h) a determination and declaration of whether Defendants are entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale; and

i) a determination and declaration of whether, due to Countrywide's and Defendants' continuing failures to provide Plaintiffs D Olverson and B Olverson with required disclosure statements and other disclosures, and failures to comply with procedures required by TILA, Regulation Z, and RESPA, Defendants are entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale.

### PLAINTIFFS' REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

39. Plaintiffs would show based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Countrywide violated the provisions of TILA and Regulation Z by failing to provide Plaintiffs D Olverson and B Olverson with required disclosure statements and other disclosures, and by failing to comply with procedures required by the TILA and Regulation Z.

40. Plaintiffs would show based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust, that Countrywide violated the provisions of RESPA by failing to provide Plaintiffs D Olverson and B Olverson with required disclosures statements and other disclosures, and by failing to comply with procedures required by RESPA.

41. Plaintiffs would show that if or when Defendant BNY became the holder of the Note and Deed of Trust, and the person entitled to enforce the Note and Deed of Trust, and if or when Defendant BAC became the current mortgage servicer of the Note, the violations of TILA, Regulation Z, and RESPA were apparent on the face of the loan documents. Therefore, Defendants are liable for the violations described above.

42. Defendants have threatened irreparable harm to Plaintiffs' rights and property interests by attempting to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale.

43. Defendants' conduct is wrongful because Defendants have known or should have known that Plaintiffs D Olverson and B Olverson executed the Note and Deed of Trust without receiving all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA, and without receiving the benefits of the procedures required by TILA, Regulation Z, and RESPA.

44. Plaintiffs D Olverson and B Olverson will continue to be damaged and injured by Defendants' conduct until they receive the information required to be disclosed to them by TILA, Regulation Z, and RESPA, and receive the benefits of the procedures required by TILA, Regulation Z, and RESPA.

45. Plaintiffs require injunctive relief until this court makes the determinations and declarations described in this First Amended Complaint;

46. Plaintiffs require injunctive relief to prevent Defendants from benefiting, directly or indirectly, from violations of TILA, Regulation Z, and RESPA.

47. Plaintiffs have alleged multiple causes of action against Defendants. Plaintiffs have a probable right of recovery and likelihood of success on the merits. Plaintiffs will suffer imminent, irreparable harm without Court intervention, and there is no adequate remedy at law. Without Court intervention, Plaintiffs will suffer a permanent loss of the use and benefit of the Property, and Defendants will have no reason or incentive to provide Plaintiffs with the information required to be disclosed to them by TILA, Regulation Z, and RESPA.

48. Plaintiffs will suffer imminent injury that will be irreparable and for which no remedy at law exists without the protections of injunctive relief.

49. The only adequate, effective, and complete relief to the Plaintiffs is to enjoin Defendants from conducting a non-judicial foreclosure sale of the Property , and in order to preserve the status quo during the pendency of this action, the Plaintiffs, after notice and hearing, seek a preliminary or permanent injunction, enjoining the Defendants, including the Defendants' agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them (collectively, the "Restrained Parties") from conducting a non-judicial foreclosure sale of the Property.

## PLAINTIFFS' REQUEST FOR
## ALTERNATIVE DISPUTE RESOLUTION – MEDIATION

50. Plaintiffs request that this Court refer this suit to alternative dispute resolution, specifically mediation, pursuant to 28 U.S.C. Sec. 651 – Sec. 653.

51. Mediation is a non-binding confidential process. Therefore, the parties have all to gain and nothing to lose in attempting a resolution of this matter using the mediation approach. The costs of mediation should be divided equally and taxed as costs.

52. Plaintiffs request that the Court refer this matter to a qualified neutral as the Court determines.

### PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES

53. The Plaintiffs have retained the undersigned counsel to represent them in this action and have agreed to pay the undersigned counsel reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Plaintiffs would be equitable and just, and is authorized by Federal law and Texas law.

### PRAYER

**THEREFORE,** the Plaintiffs demand:

a) A preliminary injunction enjoining Defendants, including the Defendants' agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them from conducting a non-judicial foreclosure sale of the Property during the pendency of this action;

b) Upon final trial, judgment against Defendants for full permanent injunctive relief enjoining the Defendants, including the Defendants' agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them from conducting a non-judicial foreclosure sale of the Property;

c) a determination and declaration that when Plaintiffs D Olverson and B Olverson executed the Note and Deed of Trust, they had a right to receive and consider all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA;

d) a determination and declaration that Plaintiffs D Olverson and B Olverson did not receive all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA;

e) a determination and declaration that Plaintiffs D Olverson and B Olverson are currently entitled to receive and consider all of the information required to be disclosed to them by TILA, Regulation Z, and RESPA;

f) a determination and declaration of whether Defendant BNY is the owner and/or holder of the Note and Deed of Trust;

g) a determination and declaration of whether Defendant BNY is the person entitled to enforce the Note and Deed of Trust;

h) a determination and declaration of whether Defendant BAC is the mortgage servicer of the Note and Deed of Trust;

i) a determination and declaration of whether Defendants are entitled to administer a foreclosure of the Property on behalf of the mortgagee;

j) a determination and declaration of whether Defendants are entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale;

k) a determination and declaration of whether, due to Countrywide's and Defendants' continuing failures to provide Plaintiffs D Olverson and B Olverson with required disclosure statements and other disclosures, and failures to comply with procedures required by TILA, Regulation Z, and RESPA, Defendants are entitled to enforce the Note and Deed of Trust by means of a non-judicial foreclosure sale;

l) judgment against Defendants for actual damages, within the jurisdictional limits of this Court;

m) judgment against Defendants for exemplary damages, within the jurisdictional limits of this Court;

n) prejudgment interest as provided by law;

o) the Plaintiffs' reasonable and necessary attorney's fees in prosecuting their claims through trial and, if necessary, through appeal;

p) postjudgment interest as provided by law;

q) all costs of suit;

r) such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

_/s/ Stephen W. Tiemann_
Stephen W. Tiemann
Texas Bar No. 20021750
Stephen W. Tiemann,
Attorney and Counselor at Law
2000 E. Lamar Blvd., Suite 600
Arlington, TX 76006
Tel. (817) 275-7245
Fax. (817) 275-1056
Email: steve@swtlaw.net
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document has been served on Rachel Hytken, Attorney of Record for the Defendants, via the Eastern District of Texas ECF system on the 27th day of July, 2010.

                                                   */s/ Stephen W. Tiemann*
                                                   Stephen W. Tiemann